**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RICHARD R. SOCASH                    )
                                     )
            Plaintiff,               )          Case No. 3:22-CV-0021 (DNH/ML)
                                     )
    Vs.                              )
                                     )          **CIVIL**
C.K. O'NEAL, OPERATIONS MANAGER,     )          **RIGHTS**
COLLECTIONS,                         )          **COMPLAINT**
INTERNAL REVENUE SERVICE, AUSTIN     )          **SUIT IN EQUITY**
                                     )
                                     )
            Defendant.               )

---

Plaintiff in the above-captioned action demands trial by court and alleges as follows:

## JURISDICTION

1. This is a civil action seeking relief and/or damages to defend and protect the

   Plaintiff's rights guaranteed by the Constitution of the United States. This

   action is brought pursuant to 28 U.S.C. § 1331 invoking the New Equity

   Jurisdiction of the Court according to the Hecht Decision of 1944.  The Court

   has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4).

## PARTIES

**2.** Plaintiff:  RICHARD R. SOCASH
Address:  46 UPPER STELLA IRELAND ROAD
BINGHAMTON, NEW YORK 13905
Agent of Record's Cell Phone: 607-237-8125
Agent of Record's email: rsocash@yahoo.com

**3.** Defendant:  C.K. O'NEAL
Operations Manager, Collections. IRS AUSTIN

Address:  UNITED STATES INTERNAL REVENUE SEVICE
P.O. BOX 149338 ST 5501
AUSTIN, TX 78714-9338

**4.**                    **FACTS OF THE CASE**

1. As an Agent of the IRS, Defendant C. K. O'NEAL, Operations Manager, Collections, IRS Austin has taken an oath of office to uphold the Constitution and the rulings of the United States Supreme Court. The Defendant has violated that oath by disregarding United States Supreme Court rulings and the Ninth Amendment to the Constitution by acting under color of law and imposing a Lock-in Action/Withholding Compliance Program upon the Plaintiff on 12-9-2020, resulting in a forced federal income tax withholding and/or levying of Plaintiff's compensation as of February 1, 2021. Plaintiff makes equitable claim that his compensation was received in the pursuit of his occupation in the private sector as a

matter of exercising fundamental rights exempt from excise tax or levy as of right protected by the Ninth Amendment to the Constitution, and thus by nature and characteristic are received APART from a privileged "source" as an "employee" defined by 26 USC 3401(b) and as clarified by United States Supreme Court rulings on the legal meaning of the term "includes" within 26 USC 3401(b). Defendant's breach of trust has worked a financial hardship and damages for which Plaintiff now seeks equitable relief.

2. Defendant's Lock-In Letter Determination (LTR2801C) of 12-9-2020 cited that "We determined you aren't entitled to claim exempt status or withholding reductions; therefore, you were selected for the withholding compliance program." However, Plaintiff alleges the Defendant's Lock-In Determination was baseless and made in error due to Defendant's false presumption that the Plaintiff was party to a contract voluntarily accepting a government-conferred privilege as a "source" to be an "employee" and thus derived "gross income" from a "source" pursuant to 26 USC 61 for tax years 2015-2020. Defendant's determination to proceed with Lock-in Action was based upon **unsworn** IRS return Forms W-2/1099-R/1099-B/1099-G containing **false information** that were **erroneously filed** due to misapplication of law 26 USC 6041 by the PAYERS for said tax years, leading Defendant to further falsely presume an incorrect Form W-4 was

3

filed by Plaintiff for tax year 2020 claiming "Exempt from Withholding" (find copy of "Lock-In Letter" LTR2801C of 12-9-2020 in Exhibit AA).

3. In pursuit of desired administrative remedy, Plaintiff's Agent of Record responded by sending Notice and Time Demand of 12-22-2020 to the Defendant by USPS Certified Mail No. <u>7015-1520-0000-0636-4714</u> and, as directed by Lock-In Letter, to IRS Andover Withholding Compliance Unit by USPS Certified Mail No. <u>7015-1520-0000-0636-4707</u>;  wherein Plaintiff's Agent of Record duly rebutted and corrected all false/unsworn IRS information returns for tax years 2015-2019 that could have possibly given cause for Defendant's Lock-in Determination, attaching a Form 15103 (Form 1040 Return Delinquency) for each individual W-2 and 1099 information return with two supporting sworn affidavits.  Upon the face of each Form W-2 and 1099 information return was written the following rebuttal and correction: **"No 'gross income' ($00.00) derived from a 'source'/See Affidavit Memorandum of Law and Affidavit Explanatory Statements."**  Time Demand was made that the Defendant shall remove RICHARD R. SOCASH from  said "Withholding Compliance Program" and correct the record on "W-2 Wage and Tax Statement" within Thirty (30) days based on the evidence submitted or the Defendant must meet the burden to prove otherwise pursuant to 26 USC 6201(d) by producing

reasonable and probative evidence to the contrary overcoming the

Plaintiff's evidence of said duly rebutted/corrected information returns with

attached supporting sworn affidavits or Plaintiff's Agent of Record will

seek judicial remedy for **violation of fundamental rights** (see Exhibit BB:

Notice and Time Demand of 12-22-2020).

4. Moreover, Notice and Time Demand of 12-22-2020 included a full and

complete copy of Plaintiff's previous Notice and Demand to IRS Fresno of

8-20-2020 wherein the Defendant was informed of the following: 1) filings

indicate IRS information returns for tax years 2015-2019 contained

false/unsworn information and were erroneously filed due to misapplication

of law 26 USC 6041 by the PAYERS due to their false presumption that

Plaintiff was "party to a contract" and thus exercising a federally granted

commercial privilege as a "source;" 2) which gave rise to Defendant's false

presumption that Plaintiff "derived gross income from a source" as defined

by 26 USC 61, triggering all CP59/CP518 Notices and Letters for tax years

2015-2019; 3) which further led the Defendant to falsely presume that an

incorrect Form W-4 was filed claiming "Exempt from Withholding" that

gave cause for an erroneous Lock-in Action Determination; 4) rebutted and

corrected Forms W-2/1099-R/1099-B/1099-G for each individual tax year

2015-2019 stipulating "No gross income ($00.00) derived from a source."

Therefore, Defendant **can no longer presume** Plaintiff had "gross income"

derived from a "source" for tax years 2015-2019 based on false/unsworn

information returns which have now been duly rebutted and corrected for

tax year 2015: USPS Certified Mail No. 7015-1520-0000-0636-4547; for

tax year 2016: USPS Certified Mail No. 7015-1520-0000-0636-4554; for

tax year 2017: USPS Certified Mail No. 7015-1520-0000-0636-4561; for

tax year 2018: USPS Certified Mail No. 7015-1520-0000-0636-4578; for

tax year 2019: USPS Certified Mail No. 7015-1520-0000-0636-4585.

5. Plaintiff's Agent of Record also sent Notice and Time Demands on 1-11-

2021 USPS Certified Mail No. 7016-1370-0000-5190-0062 and 1-30-2021

USPS Certified Mail No. 7016-1370-0000-5190-0239 in hope of expediting

an administrative remedy.  On 2-15, 2021, Plaintiff received a seemingly

unrelated CP59 Notice for tax year 2016 and Plaintiff's Agent of Record

responded by sending Notice and Time Demand on 2-17-2021 by USPS

Certified Mail No. 7016-1370-0000-5190-0116 (see Exhibit CC:  Notice

and Time Demands of 1-11-2021; 1-30-2021 and 2-17-2021).

6. The Defendant responded on 4-9-2021 (nearly four months after Plaintiff's

original Notice and Demand of 12-22-2020) by sending IRS Letters

LTR2810C and LTR3042C.  Duplicates of this mailing were sent again on

5-21-2021, 11-2-2021, and 12-10-2021 stating the following in LTR2810C:

"We determined the information you supplied does not support a change to our withholding instructions given to your employer listed below" and in LTR3042C: "Here are the laws and regulations that give us the authority for the Withholding Compliance Program." (see LTR2810C and LTR3042C in Exhibit DD)

7. On 10-8-2021 the Plaintiff's Agent of Record filed a Notice and Time Demand to the Defendant (USPS Certified Mail No. <u>7017-2400-0000-2511-1803</u>) and IRS Andover (USPS Certified Mail No. <u>7017-2400-0000-2511-1810</u>) to rebut and correct Defendant's erroneous determination that Plaintiff filed an "incorrect" Form W-4 Employee Withholding Certificate for tax year 2020 that gave cause for the Defendant to wrongfully impose a Lock-in Action/Withholding Compliance Program in violation of Plaintiff's fundamental rights (Exhibit EE: Notice and Time Demand of 10-8-2021).

8. Notice and Time Demand of 10-8-2021 was filed pursuant to 26 USC 3402(n) and included an updated copy of Form W-4 "withholding allowance certificate" for tax year 2020, to provide the Defendant due notice that a "withholding allowance certificate" was duly furnished to Plaintiff's PAYER and was correctly filed pursuant to 26 USC 3402(n) for tax year 2020 with the following enclosures: 1) Form 15103 for tax year 2019 with individually attached rebutted and corrected Forms W-2 and

1099-B for 2019 certifying "No gross income from a privileged source" with supporting 32-page Affidavit: Memorandum of Law for tax year 2019 certifying Plaintiff incurred no liability for income tax imposed under subtitle A for the preceding taxable year prior to claiming "Exempt from Withholding" on Form W-4 for 2020; and 2) Form 15103 for tax year 2020 with attached rebutted and corrected Form W-2 for 2020 certifying "No gross income from a privileged source" with supporting 32-page Affidavit: Memorandum of Law for tax year 2020 certifying that Plaintiff anticipates he will incur no liability for income tax imposed under subtitle A for his current taxable year of 2020.

9. Notice and Demand of 10-8-2021 also included an <u>Affidavit Establishing "Exempt from Withholding" Status on Form W-4 pursuant to 26 USC 3402(n)</u> (Exhibit EE) evidencing that pursuant to 26 USC 3402(n), Plaintiff's PAYER **SHALL NOT** be required to deduct and withhold any tax upon a payment of wages to the Plaintiff if there is in effect with respect to such payment a withholding allowance certificate [*Form W-4 for tax year 2020*] furnished to the PAYER by the Plaintiff certifying that the Plaintiff: 1) incurred no liability for income tax imposed under subtitle A for the preceding taxable year [*Form 15103 for tax year 2019 with supporting 32-page Affidavit: Memorandum of Law for tax year 2019*], and, 2) anticipates

that he will incur no liability for income tax imposed under subtitle A for his current taxable year [*Form 15103 for tax year 2020 with supporting 32-page Affidavit: Memorandum of Law for tax year 2020*].  Plaintiff's Agent of Record claims that he duly furnished Plaintiff's PAYER with such certifying statements pursuant to 26 USC 3402(n) as were contained in Notice and Time Demand of 10-8-2020.  Thus, Plaintiff's PAYER **shall not** be required to deduct and withhold any tax upon a payment of wages pursuant to 26 USC 3402(n); and therefore the Defendant's  Lock-in Action/ Withholding Compliance Program of 12-9-2020 is in violation of the law 26 USC 3402(n), and Plaintiff is not required to provide the PAYER or the Defendant with any other documents or statements, as Notice and Time Demand of 10-8-2021 contained such and thereby fulfilled all the requirements stipulated in the law.

10. Moreover, Plaintiff's newly filed and updated Form W-4 used an express disclaimer stating: **"involuntarily signed under duress/offer refused/all rights reserved without prejudice"** to clarify to the Defendant that W-4 was signed under duress because PAYER neither expressly informed Plaintiff that signing W-4 was voluntary nor gave Plaintiff the option to decline to volunteer.  Said disclaimer evidenced the Defendant that W-4's implied offer to accept a governmental privileged "source" was declined by

the Plaintiff, and that no waiver of fundamental rights occurred upon Plaintiff's Agent involuntarily signing under duress on behalf of the Plaintiff using a restricted signature as "Agent of Record."

11. As an IRS Agent, the Defendant, has taken an oath to uphold the Constitution and the rulings of the U.S. Supreme Court. The Defendant has stepped outside the bounds of his authority and has violated his oath by acting under color of law and imposing a Lock-in Action/Withholding Compliance Program upon the Plaintiff's compensation received in pursuit of his occupation in the private sector as a matter of exercising fundamental rights APART from a privileged "source" and now is in breach of trust.

12. Notwithstanding, the Defendant's actions constitute a breach of trust in so proceeding with an illegitimate Lock-in Action since 2-1-202, overstepping his authority as an IRS Agent and illegally withholding Plaintiff's compensation in violation of Defendant's oath to uphold the Constitution for the United States of America, the Ninth Amendment to the Constitution and various United States Supreme Court rulings declaring that it is unconstitutional to excise tax matters of fundamental rights.

5.                    **CAUSES OF ACTION**

FIRST CAUSE OF ACTION

1. Plaintiff makes equitable claim as Beneficiary to the Constitutional Trust
   that his compensation for tax years 2015-2020 was received in the pursuit
   of his occupation in the private sector as a matter of exercising fundamental
   rights exempt from excise tax or levy, as of right, protected and secured by
   the Ninth Amendment to the Constitution, and decisions of the United
   States Supreme Court which have ruled that it is unconstitutional to excise
   tax matters of fundamental rights.  By nature and characteristic such
   compensation is received APART from a privileged "source" such as being
   an "employee" defined by 26 USC 3401(b) and as clarified by United
   States Supreme Court rulings on the statutory definition of the term
   "includes" within 26 USC 3401(b) to mean "only what follows" to the
   exclusion of matters of common right in the private sector.

2. Defendant was to handle this controversy administratively and it should
   have ended immediately upon Defendant being duly informed by Notice
   and Time Demand of 12-22-2020 that this was a matter of the Plaintiff
   exercising fundamental rights in the private sector.   Moreover, this
   controversy should have ended with an immediate rescinding of Lock-in

Action upon Defendant receiving said Notice of 12-22-2020 containing

evidence rebutting and correcting all false/unsworn return Forms W-2 and

1099 for tax years 2015 to 2020 claiming "No gross income derived from a

source" and highlighting the fact that the express disclaimer on Form W-4

stated: **"involuntarily signed under duress/offer refused/all rights

reserved without prejudice,"** clearly indicating to the Defendant that there

was no waiver of fundamental rights or acceptance of a privileged "source"

to be an "employee" with a restricted signature used as "Agent of Record."

3. Plaintiff claims that by refusing to solve this matter administratively and by

disregarding Plaintiff's sworn evidence and refusing to prove otherwise

pursuant to 26 USC 6201(d), the Defendant has violated his oath of office

by refusing to uphold the Constitution of the United States and decisions of

the U.S. Supreme Court which have ruled that it is unconstitutional to

excise tax matters of fundamental rights. The Defendant acted outside of his

authority, violated his oath, is in breach of trust, and now is personally

liable for what he's done under color of law which has worked a hardship

and damages upon the Plaintiff.  Defendant is in breach of trust because the

Defendant has failed to uphold the Constitution of the United States in

violation of his oath by acting contrary to certain rulings of the Supreme

Court that secure and protect the common right that compensation received

in the pursuit of an occupation in the private sector as a matter of exercising

fundamental rights is exempt from excise tax or levy. Defendant's oath as

an IRS Agent is binding upon the Defendant to uphold the Constitution and

the decisions of the U.S. Supreme Court which are the supreme law of the

land.

4. Defendant, in violation of his oath to uphold the Constitution of the United

States, ignored U.S. Supreme Court decisions ruling that it is

unconstitutional to excise tax the exercise of fundamental rights in the

pursuit of occupations in the private sector:

a.) "It could hardly be denied that a tax laid specifically on the exercise of

those freedoms would be unconstitutional."

*Murdoch v. Pennsylvania*, 319 U.S. 105 (1943)

b.) "Included in the right of personal liberty and the right of private

property, partaking in the nature of each, is the right to make contracts for

the acquisition of property. Chief among such contracts is that of personal

employment, by which labor and other services are exchanged for money or

other forms of property."

*Coppage v. Kansas*, 236 U.S. 1 at 2 (1915)

c.) 'the property which every man has in his own labor, as it is the original

foundation of all other property, so it is the most sacred and inviolable. The

patrimony of the poor man lies in the strength and dexterity of his own

hands, and to hinder his employing this strength and dexterity in what

manner he thinks proper, without injury to his neighbor, is a plain violation

of this most sacred property.  It is a manifest encroachment upon the just

liberty both of the workman and of those who might be disposed to employ

him.  As it hinders the one from working at what he thinks proper, so it

hinders the others from employing whom they think proper.'  Smith, *Wealth*

*of Nations*, Bk. I, c. 10.

> *Butchers Union Co. v Crescent City Co.*, *111 U.S. 746 (1883)*

d.) *"The enumeration in the Constitution, of certain rights, shall not be*

*construed to deny or disparage others retained by the people."*

> *Ninth Amendment*, *(1791*

## SECOND  CAUSE OF ACTION

5. Defendant, in violation of his oath to uphold the Constitution of the United

States, ignored rulings of the U.S. Supreme Court clarifying the statutory

meaning of the word "includes" in the definition of "employee" within

26USC 3401(b) as being limited to mean "only what follows" to the

exclusion of occupations in the private sector pursued as matter of

fundamental rights; thus causing Defendant to falsely presume Plaintiff was

party to a contract accepting a privileged "source" to be an "employee":

a.) "**Employee**.  For purposes of this chapter, the term "**employee**"

**includes** an officer, **employee**, or elected official of the United States, a

State, or any political subdivision thereof, or the District of Columbia, or

any agency or instrumentality of any one of more of the foregoing.  The

term "**employee**" also includes an officer of a corporation."  (Emphasis

added)

b.)The [*Utah State Supreme*] court also considered that the word

'including' was used as a word of enlargement, the learned court being of

the opinion that such was its ordinary sense.  **With this we cannot**

**concur**." (Emphasis added) *Montello Salt Co. v. Utah*, *221 U.S. 452 (1911)*

c.) The Supreme Court has ruled as to how to understand the definition of a

**legal term** exclusively defined by Congress:  "It is axiomatic [*widely*

*accepted self-evident maxim*] **that the statutory definition of the term**

[*"employee," employer," "wages," "trade or business," "United States,"*

*"officer of a corporation"*] **excludes unstated meanings** of that term."

(Emphasis added).  *Meese v. Keene*,  *481 U.S. 465, 485 (1987)*

d.) Includes and including:  The terms '**includes**' and '**including**' when

used in a definition contained in this title [*i.e., Title 26, which has not been*

enacted by Congress as *"**positive law**"* and therefore does not apply to workers in the private sector, but rather to volunteers having expressly contracted with the federal government to exercise a federal privilege—editor] shall not be deemed to exclude other things **otherwise within** the meaning of the **term defined**."    (Emphasis added).  *26 USC 7701(c)*

e.) *"**Inclusio unius est exclusio alterius**.  The inclusion of one is the exclusion of another.  The certain designation of one person is an absolute exclusion of all others."  (Emphasis added)  (See Page 8-36, paragraphs B and C.)    **<u>Black's Law Dictionary</u>, Fifth Edition, Page 687**

6. Defendant, in violation of his oath to uphold the Constitution of the United States, ignores the FACT that Plaintiff holds equitable claim of pursuing his occupation in the private sector as matter of common right; therefore, it is **precluded** that he is exercising a governmental privilege as a "source" to be an "employee" and, furthermore, Defendant totally ignores Plaintiff's **express disclaimer** on updated Form W-4 for tax year 2020: "involuntarily signed under duress/offer refused/all rights reserved without prejudice;" wherein it plainly indicates to the Defendant that the Plaintiff **refused** the "implied offer" of the Form W-4 to be party to a contract (express or implied) accepting a privileged "source" as an "employee;" and with Plaintiff reserving all rights without prejudice, pointing to the FACT that no

waiver of fundamental rights occurred upon Plaintiff's Agent of Record

signing Form W-4 "under duress."

## THIRD CAUSE OF ACTION

7. Upon Notice and Demand of 12-22-2020, Plaintiff's Agent of Record duly

rebutted and corrected all IRS information returns Form W-2/1099-R/1099-

B/1099-G for tax years 2015-2019 stipulating "No 'gross income' ($00.00)

from a 'source'/See Affidavit Memorandum of Law and Affidavit

Explanatory Statement."  Therefore, the Defendant can no longer presume

unsworn information forms originally received from PAYERS are correct

and must agree with the sworn evidence that the Plaintiff had "No gross

income derived from a source" for said tax years or the Defendant must

prove otherwise pursuant to 26 USC 6201(d) by producing reasonable and

probative evidence to the contrary overcoming Plaintiffs sworn evidence.

Since the Defendant has failed and/or refused to prove otherwise pursuant

to 26 USC 6201(d), the Plaintiff's rebutted/corrected information returns

for tax years 2015-2020 shall stand as true and correct, and the Defendant's

"review determination" for imposing a Lock-in Action/Withholding

Compliance Program shall be held as baseless and illegitimate because it

was based on **false and unsworn information returns filed in error**
which have now been rebutted and corrected by sworn affidavits.
Therefore, Plaintiff **demands** the Defendant must **terminate** the Lock-in
Action and **remove** the Plaintiff from the "Withholding Compliance
Program" because it is in violation Plaintiff's fundamental rights.
Furthermore, the Defendant's only response to Plaintiff's Notice and Time
Demands was to send IRS Letters LTR2810C and LTR3042C on 4-9-2021;
5-21-2021, 11-2-2021 and 12-10-2021. However, each of these Letters
must also be held as baseless and illegitimate because they, too, were based
on **the same false and unsworn information returns filed in error** that
the Defendant's Lock-in Letter "review determination" was based upon ~
all of which have now been rebutted/corrected, and yet remain uncontested
by Defendant.

8. Therefore, evidence herein shows Defendant has knowingly acted outside
his authority as an IRS Agent while acting under color of law when
Defendant imposed a Withholding Compliance on Plaintiff's exercise of
fundamental rights and committed a breach of trust by violating his oath to
uphold the Constitution of the United States, U.S. Supreme Court decisions,
and IRS Manual 4.10.7.2.9.8 (01-01-2006) by refusing to meet the burden
to prove otherwise pursuant to 26 USC 6201(d), failing to produce

reasonable and probative evidence to the contrary overcoming Plaintiffs sworn evidence.

## FOURTH CAUSE OF ACTION

9.  In order to rebut and correct the Defendant's false presumption that Plaintiff filed an incorrect Form W-4 for 2020, an updated true and correct Form W-4 was filed within Notice and Time Demand of 10-8-2021 pursuant to 26 USC 3402(n) (Exhibit EE) containing documentation certifying that the Plaintiff: 1) incurred no liability for income tax imposed under subtitle A for the preceding taxable year [*Form 15103 with attached rebutted/corrected Forms W-2/1099 for tax year 2019 with supporting Affidavit: Memorandum of Law*], and, 2) anticipates that he will incur no liability for income tax imposed under subtitle A for his current taxable year [*Form 15103 with attached rebutted/corrected Form W-2 for tax year 2020 with supporting Affidavit: Memorandum of Law*].  Therefore, the Defendant can no longer presume that Plaintiff "derived gross income from a source" for tax years 2019 and 2020 and can no longer presume that an incorrect Form W-4 was filed claiming "Exempt from Withholding" status for tax year 2020.  Plaintiff's filing was made pursuant to 26 USC 3402(n)

fulfilling all the requirements necessary to claim "Exempt from Withholding" as stipulated by 26 USC 3402(n) that Plaintiff's PAYER **shall not** be required to deduct and withhold any tax upon a payment of wages pursuant to 26 USC 3402(n). Therefore, the Defendant is bound by oath to adhere to the Law 26 USC 3402(n) and agree that Plaintiff's PAYER **shall not** be required to deduct and withhold any tax upon a payment of wages or the Defendant must prove otherwise pursuant to 26 USC 6201(d) by producing reasonable and probative evidence to the contrary overcoming Plaintiffs sworn evidence, which the Defendant has failed and/or refused to do as of the filing of this Complaint.

10. Defendant is in violation of his oath to uphold the Constitution of the United States, U.S. Supreme Court decisions, and IRS Manual 4.10.7.2.9.8 (01-01-2006) by denying Plaintiff's right to claim "Exempt from Withholding" on Form W-4 for 2020, despite Plaintiff's Notice and Time Demand of 10-8-2021 fulfiling all the requirements necessary to claim "Exempt" pursuant to 26 USC 3402(n). The Defendant is bound by oath as an IRS Agent to agree that Plaintiff's PAYER **shall not** be required to deduct and withhold any tax upon a payment of wages pursuant to 26 USC 3402(n). Therefore, Defendant's  Lock-in Action/ Withholding

Compliance Program of 12-9-2020 is in violation of the law 26 USC

3402(n) and in violation of Plaintiff's fundamental rights.

**6.**                      PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1. Plaintiff prays the Court grant a Rule to Show Cause and an Order.

2. By order of the Court: 1) IRS Austin Agent C.K. O'NEAL must rescind

   Lock-in Letter Action of 12-9-2020 and remove Plaintiff RICHARD R.

   SOCASH from IRS Withholding Compliance Program; 2) IRS must give

   Plaintiff a full refund of all federal income tax withheld for tax year 2021

   with interest accrued; 3) IRS must correct the record on "W-2 Wage and

   Tax Statement" to show "No Gross Income ($00.00) derived from a source"

   for tax years 2015-2020; 4) IRS must give Plaintiff a full refund of all

   federal income tax withheld as cited on "Line 2 of Form W-2" for tax year

   2015 in the amount of $21,181.00 along with the interest accrued since

   2015; 5) IRS shall notify Plaintiff's PAYER that Plaintiff's Agent of

   Record has right to claim "Exempt from Withholding" on behalf of the

   Plaintiff on Form W-4 for tax years 2015-2020; 6) Defendant is liable for

working a hardship on the Plaintiff's finances by wrongfully imposing the withholding compliance program as of 2-1-2021 and shall pay damages to Plaintiff of all outstanding credit card debt incurred from that date; 7) Defendant is liable for Plaintiff's cost of filing this Complaint and making service process on Defendant;  and therefore,

3. IT IS NOW HEREBY DECREED: "Richard R. Socash, as Beneficiary to the Constitutional Trust, holds all right, title, and interest to the equitable claim that he exercises fundamental rights in the pursuit of his occupation in the private sector exempt from excise tax or levy, protected and secured by the Ninth Amendment to the Constitution and decisions of the United States Supreme Court that have ruled it is unconstitutional to excise tax matters of fundamental rights; and by nature and characteristic such compensation is received APART from a privileged "source" such as being an "employee" defined by 26 USC 3401(b).  Therefore, because it is decreed the compensation for tax years 2015-2020 was received as a matter of exercising fundamental rights; Richard R. Socash derived "NO gross income ($00.00) from a source;" was NOT exercising a privileged "source to be an "employee;" had no income tax liability for said tax years; and there is no law requiring him to file a Form 1040 Individual Tax Return.

Moreover, Richard R. Socash shall be able to claim "Exempt from

Withholding" on Form W-4 pursuant to 26 USC 3402(n) as of right.  Good

against all the world."


I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted.


DATED: _____ 1-11-2022 _____

Plaintiff: _____ Richard R Socash, Agent of Record