

|  |  |
|---|---|
| | **U.S. Department of Justice** |
| | **Tax Division** |
| *Trial Attorney: Daniel M. Caves* | *Please reply to:*    *Civil Trial Section, Northern Region* |
| *Attorney's Direct Line: 202-514-6058* | *P.O. Box 55* |
| *Fax No.: 202-514-5238* | *Washington, D.C. 20044* |
| *daniel.m.caves@usdoj.gov* | |

DAH:DMK:DMCaves
DJ 5-50-6164
CMN 2022100605

May 11, 2022

<u>**Via ECF**</u>

Hon. Miroslav Lovric
U.S. Magistrate Judge
Federal Building & U.S. Courthouse
15 Henry Street
Binghamton, NY 13901

      Re:    *Socash v. O'Neal,*
               <u>Case No. 3:22-CV-00021-DNH-ML (N.D.N.Y.)</u>

Dear Judge Lovric:

      I represent Defendant C.K. O'Neal in the above-referenced case. Ms. O'Neal requests an extension of time under Fed. R. Civ. P. 6(b)(1)(A) to respond to the Amended Complaint through July 5, 2022. The Court's docket currently reflects a response deadline of May 26, 2022, based on a service date of May 5, 2022 (ECF No. 13).

      Ms. O'Neal is a United States employee, and it appears that the Plaintiff has sued her in her official capacity. Regardless of whether she was sued in her official capacity or her individual capacity, her time to respond to the Amended Complaint is the same under Fed. R. Civ. P. 12(a)(2) and (a)(3). Rule 12(a)(2) provides that she may file a response within 60 days after service the United States attorney, while Rule 12(a)(3) allows her 60 days to respond "after service on the . . . employee or . . . the United States attorney, whichever is later" (this is in contrast with the standard 21-day response time under Rule 12(a)(1)(A)(i) that the docket appears to be following). Assuming that Ms. O'Neal were properly served on May 5, 2022, the 60-day period after service on Ms. O'Neal will expire on July 5, 2022, and that is the reason why she requests that response date. Defendant notes that there is no evidence on the docket that the United States has been served yet, as is required by Fed. R. Civ. P. 4(i)(2) and (3). Nonetheless, Ms. O'Neal will plan to file a response by July 5, 2022. She does not waive any potential defenses, including the defenses under Fed. R. Civ. P. 12(b)(4) and/or (b)(5).

      On May 10, 2022, I spoke with Plaintiff Richard R. Socash by telephone and sought his concurrence in this non-dispositive request in good faith under Local Rule 7.1(a)(2). Plaintiff does not concur. Accordingly, Defendant requests a telephonic conference with the Court to try

- 2 -

to resolve the matter to the extent this request is governed by the Local Rule 7.1.  Fed. R. Civ. P. 6(b)(1)(A) allows the Court to extend the time upon the filing of a timely "request" without a motion.

    Respectfully Submitted,

    DAVID A. HUBBERT
    Deputy Assistant Attorney General
    U.S. Department of Justice, Tax Division

    */s/ Daniel M. Caves*
    DANIEL M. CAVES
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 55
    Washington, D.C. 20044
    202-514-6058 (v)
    202-514-5238 (f)
    Daniel.M.Caves@usdoj.gov

CC:
Richard R. Socash – *Pro Se* Plaintiff
46 Upper Stella Ireland Road
Binghamton, NY 13905

- 3 -

## CERTIFICATE OF SERVICE

I certify that on May 11, 2022, I caused to be mailed a copy of the **LETTER REQUEST FOR A PRE-MOTION COURT CONFERENCE** to the following:

Richard R. Socash
46 Upper Stella Ireland Road
Binghamton, NY 13905

*/s/ Daniel M. Caves*
DANIEL M. CAVES
Trial Attorney, Tax Division
U.S. Department of Justice