UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD R. SOCASH,

                    Plaintiff,

              -v-                              3:22-CV-21

C.K. O'NEAL, Operations
Manager, Collections, Internal
Revenue Service, Austin,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

RICHARD R. SOCASH
Plaintiff, Pro Se
46 Upper Stella Ireland Road
Binghamton, NY 13905

U.S. DEPARTMENT OF JUSTICE          DANIEL M. CAVES, ESQ.
Attorneys for Defendant
P.O. Box 55, Ben Franklin Station
Washington, DC 20044

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

On January 11, 2022, *pro se* plaintiff Richard R. Socash ("Socash" or

"plaintiff") filed this action against defendant C.K. O'Neal ("O'Neal" or

"defendant"), an employee of the Internal Revenue Service ("IRS").  According to plaintiff's four-count amended complaint, defendant violated her oath of office by signing off on certain documents that instructed plaintiff's employer to withhold taxes from his wages.

On July 5, 2022, O'Neal moved under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(5) to dismiss Socash's complaint for lack of subject matter jurisdiction and insufficient service of process.  The motion has been fully briefed and will be considered on the basis of the submissions without oral argument.

## II.  <u>BACKGROUND</u>

Socash alleges that O'Neal has "disregard[ed] United States Supreme Court rulings and the Ninth Amendment to the Constitution by acting under color of law and imposing a Lock-in Action/Withholding Compliance Program upon the Plaintiff."  Am. Compl. ¶ 1.  As plaintiff explains, this has "result[ed] in a forced federal income tax withholding and/or levying of Plaintiff's compensation as of February 1, 2021."  *Id*.  According to plaintiff, he is "exempt from excise tax or levy" for various reasons.  *Id*.

## III.  <u>DISCUSSION</u>

Because he is proceeding *pro se*, Socash's filings must be "liberally construed" and "held to less stringent standards than a formal pleading drafted by lawyers."  *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012)

(cleaned up); *see also Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (observing that courts must liberally construe pleadings and briefs submitted by *pro se* litigants in a way that raises the strongest arguments they suggest).

Even accounting for his *pro se* status, however, Socash's complaint must be dismissed.  As an initial matter, plaintiff's operative complaint is subject to dismissal for each and every one of the reasons stated in O'Neal's moving papers.  Def.'s Mem., Dkt. No. 19-1 at 6–22.[1]  There, defendant correctly explains that, as a federal IRS employee, she cannot be held personally liable for money damages under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *Id.* at 6–12.  She also correctly explains that the United States has not waived its sovereign immunity for damages or from tax-refund-based claims.  *Id.* at 12–20.  Finally, defendant correctly explains that plaintiff's claims for injunctive and declaratory relief are barred by the Anti-Injunction Act and related federal law.  *Id.*

Socash's operative complaint is also subject to *sua sponte* dismissal because it is frivolous.  "A district court has the inherent authority to dismiss an action that lacks an arguable basis either in law or in fact, regardless of whether the plaintiff has paid the filing fee."  *MacKinnon v. City of N.Y./Human Res. Admin.*, 580 F. Appx' 44, 45 (2d Cir. 2014) (summary

---

[1] Pagination corresponds to CM/ECF.

order) (cleaned up); *see also LaSpisa v. CitiFinancial Co.*, 2020 WL 2079410, at *3 (N.D.N.Y. Apr. 30, 2020) (Suddaby, J.) ("[A] district court may always *sua sponte* dismiss a *pro se* plaintiff's complaint based on frivolousness."); *Bayne v. Health Ins. Portability & Accountability Act*, 2012 WL 119617, at *4 (E.D.N.Y. Jan. 17, 2012) (collecting cases).

A review of the complaint demonstrates that it is legally and factually frivolous.  An action lacks an arguable basis in law when it is based on "an indisputably meritless legal theory" or "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (cleaned up).  "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Both of these standards are met.  For instance, Socash alleges that in response to certain IRS inquiries, he filed an updated Form W-4 that included an express disclaimer: "involuntarily signed under duress/offer refused/all rights reserved without prejudice."  Am. Compl. ¶ 10.  Likewise, in the exhibits attached to his pleading plaintiff reiterates that he is not subject to taxation because of his status as a "non-resident alien" who enjoys the "unlimited, God-given unalienable-fundamental right . . . to freely contract to exchange his labor or other private property . . . through the beneficial use of

his Principal/Trust Res entity/ Name in Commerce/ RICHARD RAYMOND SOCASH . . as its Beneficial Owner."  Dkt. No. 7-6 at 1, 24.

These are so-called "tax protestor theories," and they "have been specifically, repeatedly, and emphatically rejected by courts, and the IRS has issued a publication warning taxpayers against making them." *Cuartero v. U.S. Att'y Gen.*, 295 F. App'x 378, 379 (2d Cir. 2008) (summary order) (collecting cases); *see also United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999) (observing that the "nonresident alien" argument has been rejected so often that it is "no longer merely frivolous," but "frivolous squared").

Courts routinely dismiss these arguments as frivolous.  *See, e.g.*, *Everett v. United States*, 10 F. App'x 336, 338 (6th Cir. 2001) (rejecting as "legally frivolous" the plaintiff's "contentions that he is not a taxpayer and that income tax is an unauthorized excise tax").  Indeed, courts around the country have even imposed sanctions when a taxpayer tries to assert them in a civil action.  *Id.* (affirming dismissal and awarding sanctions); *see also Shearing v. United States*, 1993 WL 146520, at *6 (W.D.N.Y. Jan. 25, 1993) (finding taxpayer's arguments sanctionably frivolous).

Nor will Socash be given leave to amend.  "Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (cleaned up).

However, "it is well established that leave to amend a complaint need not be granted where amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).

That standard has clearly been met.  Socash has already amended his complaint once.  Notably absent from any of his filings so far (including his various exhibits) is any hint of a non-frivolous claim related to the IRS's forcible withholding of income tax.  Because the operative complaint and supporting submissions are devoid of any arguable basis in law or fact, better pleading will not cure these defects.  Accordingly, leave to amend must be denied as futile.

## IV.  CONCLUSION

Therefore, it is

ORDERED that

1.  Defendant O'Neal's motion to dismiss is GRANTED; and

2.  Plaintiff's operative complaint is DISMISSED without leave to amend.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

IT IS SO ORDERED.

Dated:  August 24, 2022
       Utica, New York.

David N. Hurd
U.S. District Judge